### IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### PADUCAH DIVISION

| | |
|---|---|
| **ROBERT R. McALEXANDER; STEVE HALVERSON; and DAVID D. MARLIN,** )<br>)<br>**Plaintiffs** )<br>)<br>v. )<br>)<br>**ILLINOIS CENTRAL RAILROAD COMPANY; and NEWPAGE CORPORATION,** )<br>)<br>**Defendants** ) | CASE NO. 5:09CV-18-R |

## COMPLAINT

### I. PARTIES AND JURISDICTION

1. The Plaintiff, Robert R. McAlexander, is a resident of Cedar Grove, Tennessee.

2. The Plaintiff, Steve Halverson, is a resident of Martin, Tennessee.

3. The Plaintiff, David D. Marlin, is a resident of Huntingdon, Tennessee.

4. The Defendant, NewPage Corporation, is a Delaware corporation whose principle place of business is in Miamisburg, Ohio.

5. The Defendant, Illinois Central Railroad Company, is an Illinois corporation whose principal place of business is in Homewood, Illinois.

6. The Defendant, Illinois Central Railroad Company, is a common carrier by railroad engaged in the business of operating a railroad in interstate commerce for hire for the purpose of carrying freight in interstate commerce.

7.     The Plaintiffs, Robert R. McAlexander, Steve Halverson, and David D. Marlin, at all times referred to herein, were employees of the Defendant, Illinois Central Railroad Company, and were acting within the line and scope of their employment for the Defendant.  The Plaintiffs' duties of employment for the Defendant were in furtherance of interstate commerce or directly or closely affected interstate commerce.

8.     The Plaintiffs' claims against the Illinois Central Railroad Company are brought pursuant to the provisions of the Federal Employers' Liability Act, 45 U.S.C., §51, et seq.  This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331, in that this is an action arising under the laws of the United States.

9.     This Court has supplemental jurisdiction over the Plaintiffs' claims against Defendant, NewPage Corporation, pursuant to 28 U.S.C. § 1367 in that the Plaintiffs' claims against this defendant are so related to the Plaintiffs' claims against the Illinois Central Railroad Company that they form part of the same case or controversy under Article III of the United States Constitution.

## II.  FACTS

10.     On February 4, 2008, the Plaintiffs, Robert R. McAlexander, Steve Halverson, and David D. Marlin, were crew members on an Illinois Central Railroad Company train that was performing switching operations at the NewPage Paper Mill near Wickecliff, Kentucky. As they were performing their duties on the premises of the NewPage Paper Mill, they were exposed to highly toxic and noxious chemicals.

11.     Immediately following exposure to the chemicals, each of the Plaintiffs became seriously ill, with shortness breath, nausea, and other acute symptoms.  As a

result of their exposure to these toxic chemicals, they suffered severe and permanent injuries.

### III.  FIRST CAUSE OF ACTION
### (Illinois Central Railroad Company)

12.    The Plaintiffs aver that all of their above mentioned injuries and damages were proximately caused, in whole or in part, by the negligence of the Defendant, Illinois Central Railroad Company, its agents, servants, or employees while acting within the line and scope of their employment for said defendant or by reason of a defect or insufficiency due to its negligence in its operational practices and safety practices at the time and place where the Plaintiffs suffered their above mentioned injuries and damages.

### IV.  SECOND CAUSE OF ACTION
### (Illinois Central Railroad Company)

13.    The Plaintiffs further aver that all of their injuries and damages were caused, in whole or in part, by the negligent failure of the Defendant, Illinois Central Railroad Company, to use reasonable care to provide to the Plaintiffs a reasonably safe place for the Plaintiffs to perform their work and labor for said defendant.

### V.  THIRD CAUSE OF ACTION
### (Illinois Central Railroad Company)

14.    The Plaintiffs aver that at the time and place of their injuries, the railroad had a non-delegable duty to provide the Plaintiffs with a reasonably safe place to work. The Plaintiffs aver that to the extent the railroad delegated this duty to third parties, including the Defendant, New Page Corporation, the railroad is responsible for the negligence of those third parties.  The Plaintiffs aver that all of their injuries were caused by the negligent breach of this duty by the Illinois Central Railroad Company.

## VI.  FOURTH CAUSE OF ACTION
### (NewPage Corporation)

15. All of the Plaintiffs' injuries and damages were proximately caused by the negligence and/or wanton misconduct of the Defendant, NewPage Corporation.

## VII.  FIFTH CAUSE OF ACTION
### (NewPage Corporation)

16. The Plaintiffs aver that on February 4, 2008, they were business invitees on the premises of NewPage Corporation.  The Plaintiffs aver that NewPage Corporation negligently failed to keep their premises and operations in a safe and suitable condition for business invitees on those premises.  All of the Plaintiffs' injuries and damages are caused by the negligent failure of NewPage Corporation to maintain and keep its premises in a safe condition for the Plaintiffs while they were performing their work.

## VIII.  DAMAGES

17. The Plaintiffs aver that as a result of the injuries they have suffered they seek to recover the following elements of damages:

   (1) Past and future lost wages and fringe benefits;

   (2) Past and future medical expenses;

   (3) Past and future physical pain and mental anguish;

   (4) Inability to carry out the usual and normal activities of life;

   (5) Permanent physical disability; and

   (6) They were otherwise injured.

18.     As damages, each of the Plaintiffs seek to recover a sum to fully and fairly compensate them for their injuries.  The Plaintiffs' damages and the amount they seek to recover are in excess of Seventy-Five Thousand ($75,000.00) Dollars.

### IX.  JURY DEMAND

19.     The Plaintiff demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs bring this Complaint against the Defendants and request this Honorable Court to enter a judgment in excess of Seventy-Five Thousand ($75,000.00) Dollars and request all other relief, both general and special, as mandated by the premises, and as justice may require.  Your Plaintiffs also demand a jury to try this case.

*s/James H Wettermark*
James H. Wettermark
Wettermark Holland & Keith, LLC
2101 Highland Avenue S., Suite 700
Birmingham, AL 35205
205-933-9500
205-212-9500 (facsimile)
james@whklaw.com

**Defendants' Addresses**:

Illinois Central Railroad Company
c/o CT Corporation System
4169 Westport Road
Louisville, KY 40207

NewPage Corporation
c/o CT Corporation System
4169 Westport Road
Louisville, KY 40207